IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN OLIVER LACHANCE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-154 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

John Oliver Lachance, Jr. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff applied for DIB and SSI on April 28, 2010, alleging a disability onset date of

---

[1] For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

January 1, 2000. Tr. ("R."), pp. 92-93, 149-59. The Social Security Administration denied Plaintiff's applications initially, R. 100-107, and on reconsideration, R. 94-99, 113-14. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 115-17, and the ALJ held a hearing on March 29, 2012. R. 38-83. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Carey A. Washington, a Vocational Expert ("VE"). Id. On May 7, 2012, the ALJ issued an unfavorable decision. R. 17-37.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since January 1, 2000, the alleged onset date[2] (20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: major depressive disorder, cervical spinal stenosis C4-C7, hepatitis C, osteoarthritis, open reduction and internal fixation, right ankle; right knee medial meniscal tear and right knee lateral meniscal tear (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform

---

[2]Although Plaintiff amended his alleged onset date at the hearing to March 1, 2008, R. 189, the ALJ does not acknowledge the amended date in his decision.

> light work[3] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant can occasionally climb ladders, ropes or scaffolds, and can understand, remember, and carry out all commands related to simple and detailed tasks. In addition, he would perform better in a job setting that requires occasional interaction with the public and co-workers, and would respond best to supportive supervision. The claimant is capable of performing past relevant work as a telemarketer. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and 416.965).

R. 22-29. Because the ALJ determined that Plaintiff could perform his past relevant work, the sequential evaluation process may stop, see 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). Here, the ALJ also found that other jobs exist in the national economy that Plaintiff could perform given his acquired work skills from past relevant work, see 20 C.F.R. § 404.1520(a)(4)(v). R. 30-31. Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2000, through the date of this decision (20 C.F.R. § 404.1520(f) and 416.920(f))." R. 31.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ (1) failed to include limitations in maintaining persistence, concentration, or pace in the

---

[3]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity

hypotheticals presented to the VE, (2) improperly found Plaintiff could perform past work; and (3) improperly found Plaintiff could perform other work in the national economy. See doc. no. 22 ("Pl.'s Br."). The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. See doc. no. 27 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"

---

or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

    **A. The ALJ's Decision Is Internally Inconsistent and Thus a Remand Is Necessary.**

        **1. The ALJ Found that Plaintiff Had Not Engaged in Substantial Gainful Activity Since January 1, 2000, but Contradicted Himself by Later Finding that Plaintiff's Work as a Telemarketer from 2004 to 2008 Constituted Past Relevant Work.**

At step one of the sequential process, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) & 416.920(b); R. 21.

Substantial gainful activity "involves doing significant physical or mental activities" and "is usually done for pay or profit." 20 C.F.R. §§ 404.1572(a) & (b); 20 C.F.R. §§ 416.972(a) & (b); R. 21. If the ALJ finds the claimant is not engaged in substantial gainful activity, the analysis continues to the next step in the sequential evaluation.

The ALJ's findings at step one are revisited at step four, when the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work. 20 C.F.R. §§ 404.1520(f) & 416.920(f); R.22. Past relevant work is work that (1) the claimant performed within the last fifteen years, (2) lasted long enough for the claimant to learn to do it, and (3) was substantial gainful activity. 20 C.F.R. §§ 404.1560(b) & 404.1565; 20 C.F.R. §§ 416.960(b) & 416.965; R. 22.

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2000. R. 22. Nevertheless, at step four he found that Plaintiff's work as a telemarketer from 2004 through 2008 was past relevant work that Plaintiff could still perform. R. 29, 260. Because one of the criteria for determining whether a work experience qualifies as past relevant work is whether it was substantial gainful activity, the ALJ's findings at steps one and four are incongruent. The Commissioner attempts to explain away this inconsistency by pointing to the fact that Plaintiff amended his alleged onset date to March 1, 2008, and suggesting the ALJ simply mixed up the dates in his decision. Comm'r's Br., p. 14. However, the ALJ used January 1, 2000 as the onset date throughout the decision, and nowhere mentions the revised onset date. R. 20, 22, 31. Thus, there is no basis on which to conclude that the ALJ's step one finding indicates anything other than what it says, namely that Plaintiff had not engaged in substantial gainful activity after January 1, 2000. Thus, the

ALJ's later finding that Plaintiff's work from 2004 through 2008 constituted past relevant work—and thus was necessarily substantial gainful activity—renders his decision internally inconsistent. As such, it is not supported by substantial evidence. Bloodsworth, 703 F.2d at 1239.

### 2. The ALJ Found at Step Three that Plaintiff Could Not Perform Detailed Tasks, but Later Found that Plaintiff Could Perform Detailed Tasks.

In addition to the inconsistency described above, the ALJ's findings regarding Plaintiff's mental limitations—specifically in maintaining concentration, persistence, or pace—are inconsistent. At step three, the ALJ assessed Plaintiff's depression under Listing 12.04, and found during the paragraph B analysis that Plaintiff had moderate difficulties with regard to concentration, persistence, or pace. R. 23. The ALJ further stated that Plaintiff "can sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in routine and repetitive, *not detailed or complex*, work settings." Id. (emphasis added).

However, while determining Plaintiff's RFC, the ALJ discussed and weighed the various medical opinions, and ultimately concluded that Plaintiff "can understand, remember, and carry out all commands related to simple *and detailed tasks*." R. 24 (emphasis added). The Commissioner again attempts to explain away the inconsistency, arguing that the ALJ reconciled the two findings by thoroughly discussing the medical evidence that supported his RFC determination. Comm'r's Br., p. 4. While the ALJ's RFC determination is indeed supported by a lengthy discussion of the medical evidence, nowhere in his analysis did the ALJ even address—much less qualify or reconcile—his earlier finding that Plaintiff could

not sustain concentration, persistence, or pace to perform detailed tasks. See R. 24-29. The ALJ had the same record before him in making both findings and even cited the same evidence during the paragraph B analysis and his RFC determination, yet he did not explain the basis for his conflicting findings. R. 23, 26-27 (citing R. 400-06). The ALJ's failure to clarify his findings is especially troublesome in light of the Eleventh Circuit's holdings that an ALJ must explicitly find that a claimant can work despite limitations in concentration, persistence, or pace before excluding such limitations from the hypotheticals to the VE. See Winschel v. Comm'r of Social Sec., 631 F.3d 1176, 1180-81 (11th Cir. 2011); Forrester v. Comm'r of Social Sec., 455 F. App'x 899, 903 (11th Cir. 2012) (*per curiam*). Because the ALJ did not explain or even address the discrepancies in his two findings, they are not supported by substantial evidence. Bloodsworth, 703 F.2d at 1239. Accordingly, a remand is necessary in this case.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 21st day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA